[No. 6878.  Decided March 19, 1908.]

## H. A. Roberts, *Respondent*, v. E. H. Stanton Company, *Appellant*.[1]

Corporations—Officers—Salary—Failure to Perform Services—Tortious Acts Preventing Performance—Liability for.  The secretary of a corporation is not entitled to recover salary for two months during which he remained away and performed no services, where it appears that he had sold all his stock in the corporation except one share and had organized and acquired an interest in a rival concern, and that the manager had demanded that he resign or sell out his interest in the rival concern; since his conduct indicated that he had elected to comply with such demand; and in any event the corporation would not be liable for the tortious acts of the manager in preventing performance of the services, in the absence of authority or ratification by the corporation.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered February 8, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a contract of employment.  Reversed.

*Merritt, Oswald & Merritt,* for appellant.

*Samuel R. Stern,* for respondent.

Crow, J.—Action by H. A. Roberts against E. H. Stanton Company, a corporation, to recover two months' salary. The plaintiff alleged that in January, 1906, he was elected secretary and treasurer of the defendant corporation, for one year, at a salary of $175 per month; that he discharged his duties until July 24, 1906, when the defendant, through its manager, E. H. Stanton, prevented him from further performing such duties; that the manager threatened him with bodily injury if he continued, and that the defendant refused to pay his salary for July and August, 1906.  The defendant denied the alleged wrongful acts of the manager, and affirma-

[1]Reported in 94 Pac. 647.

tively pleaded that during the months of April, May, June, and the early part of July, 1906, the plaintiff organized and promoted a company known as the "Sand Point Meat Company," to do business as a competitor of the defendant; that about July 14, 1906, E. H. Stanton, manager of the defendant, informed plaintiff that he was devoting too much time to the Sand Point Meat Company; that unless he withdrew therefrom and ceased competing with the defendant, his resignation would be asked; that a meeting of the trustees would be called to ask his resignation; that immediately thereafter plaintiff left defendant's place of business, and that he has ever since failed to perform his duties. Upon findings made, the trial court entered judgment in favor of the plaintiff. The defendant has appealed.

Respondent has moved to strike appellant's brief and affirm the judgment. The motion being without merit is denied.

Several assignments of error have been urged, but we will only consider the appellant's contention that the evidence does not sustain the findings and judgment. The undisputed evidence shows that the respondent was secretary and treasurer; that E. H. Stanton was president and manager of the appellant corporation; that they were elected to their respective offices in January, 1906; that they were trustees and stockholders; that there were three other trustees; that respondent performed his duties without interference until July 14, 1906; that about June, 1906, respondent sold all his stock in the appellant corporation with the exception of one share; that about the same time he acquired a one-third interest in the Sand Point Meat Company, paying $750 therefor; that the new company was doing business at Sand Point, Idaho, about seventy miles from Spokane, in a territory where it would come into direct competition with appellant's business; that on the 18th of July, 1906, some controversy arose between respondent and E. H. Stanton, the manager, in which Stanton told respondent he should either dispose of his interest in the new company or quit as secretary and treasurer of the

appellant company; that thereafter respondent was at appellant's place of business one evening to help two of its trustees prepare a financial statement, and once to collect a note which he held against appellant; that neither respondent nor any other person called a meeting of the trustees to pass upon the differences between him and the manager; that no such meeting was held; that respondent was not discharged by any order of the board, and that the trustees never interfered with him in the discharge of his duties. On other points the evidence was conflicting. Respondent testified that Stanton had threatened him with serious bodily injury if he returned to work after July 14. This was denied by Stanton, whose evidence was that he told respondent to dispose of his interest in the Sand Point Meat Company or resign his office as secretary and treasurer of the appellant, and stated that he would call a meeting of the board of trustees to demand his resignation. Respondent said he went to appellant's place of business to tender his services at one time other than the two occasions above mentioned. This was also denied by Stanton, The trial court concluded that respondent's evidence of threats. made by Stanton was corroborated by the fact that he thereafter remained away, and that the further fact of the trustees' failure to hold a meeting and pass upon respondent's rights was a ratification of the manager's wrongful acts in driving him away.

We regard this as a mistaken view of the evidence and facts. Respondent did not contend that the manager had authority to discharge him, nor was there any evidence that he did have such authority. This being true, Stanton's acts, if they occurred as respondent testified, were wrongful and tortuous. Respondent was also an officer and trustee of the corporation. He knew his own authority as well as that of Stanton. He remained away after July 14, without insisting on any meeting or action of the trustees. If the trustees knew of the disputes and differences between respondent and Stanton, they also knew of respondent's interest in the Sand

Point Company. His conduct indicated that he had elected to retain that interest and comply with Stanton's demand by quitting appellant's employ. In any event, appellant did not become liable for Stanton's wrongful and tortious acts committed without its authority, unless it afterwards ratified and approved them. It has not been shown that it did so, and in the absence of such showing respondent cannot recover. Respondent, however, cites *Nickelson v. Cameron Lumber Co.*, 39 Wash. 569, 81 Pac. 1059, to sustain his contention that the appellant became liable for the wrongful acts and torts of its manager. In that case, however, the official of the corporation who committed the tortious acts was its general manager and statutory agent, having full charge of all its business in the state of Idaho. The corporation knew of his wrongful acts and approved the same. That action was prosecuted against the corporation by a stranger, not by an officer and stockholder for the torts of another officer and stockholder as in this case.

The judgment is reversed, and the cause remanded with instructions to enter judgment in favor of the appellant.

HADLEY, C. J., MOUNT, ROOT, and FULLERTON, JJ., concur.

DUNBAR and RUDKIN, JJ., took no part.