(78 South. 723)

### BIRMINGHAM REALTY CO. v. HALE.
(6 Div. 351.)

(Court of Appeals of Alabama. April 9, 1918.)

1. CORPORATIONS ⚸308(6) — OFFICERS — RIGHT TO COMPENSATION—TERMINATION OF EMPLOYMENT.

An assistant secretary of a corporation, elected by the board of directors and subject to removal by it, who voluntarily abandons his office, cannot recover salary accruing thereafter.

2. CORPORATIONS ⚸423 — ACT OF GENERAL MANAGER—DISCHARGE OF EMPLOYÉ.

A corporation will not be liable for the wrongful discharge of an employé by its general manager, unless it afterwards ratifies it.

Appeal from Circuit Court, Jefferson County; C. W. Ferguson, Judge.

Action by J. W. Hale against the Birmingham Realty Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

London, Yancey & Brower, of Birmingham, for appellant. Frank Dominick, of Birmingham, for appellee.

SAMFORD, J. In April, 1909, plaintiff was elected assistant secretary of defendant company by its board of directors for a term of one year, and his salary was fixed at $150 per month. Each succeeding year up to and including April 14, 1914, plaintiff was re-elected, and the salary remained the same. At the time of plaintiff's first election, the duties of the assistant secretary were fixed by the board of directors, which were the same as those of the secretary, except as to signing of checks, etc. These duties all pertained to clerical work inside the office, such as is usual to the duties of a secretary. Section 11 of the by-laws of the company provided, among other things, that:

"Any officer of this company may be removed by a majority of the board of directors * * * at any regular or called meeting."

[1] There was a general manager of the company who had power to appoint and discharge agents and employés of the company, subject to the approval of the president, and general management of the business of the company, under the supervision of the president, etc. On September 1, 1914, there was a difference between the general manager and the plaintiff as to the duties to be performed by the latter; the plaintiff claiming that his duties called for work largely out of the office, such as showing property to prospective purchasers, looking after contractors on buildings, etc., and that for several years he had been engaged in this character of work in his capacity of assistant secretary for the defendant company, while the general manager claimed that the duties of the assistant secretary were fixed by the by-laws, and that as general manager he had the right to require the plaintiff to comply with them. The plaintiff refused to accede to this, and on September 2d refused to act further for the defendant, as required by the general manager, and left the service of the defendant, accepting pay up to the moment of leaving. The general manager immediately filled the vacancy by appointment. On October 14, 1914, the board of directors, treating the place as having been vacated, ratified the action of the general manager in filling the vacancy, but did not pass upon the differences between the general manager and the plaintiff. The plaintiff, being an officer of the company, elected by the board of directors and subject to removal by it, was not subject to discharge by the general manager, and hence under the facts plaintiff was not discharged on September 2, 1914. 7 R. C. L. 429. Under his own statement, his was a voluntary abandonment of an office to which he had been elected, which amounted to a resignation. 7 R. C. L. 427. Plaintiff knew the duties of the office, and if the manager required more of him than he was authorized to do under the by-laws, it was plaintiff's right to have continued to discharge the duties of his office and submit the difference to the board of directors. Having voluntarily vacated his office, his right to his salary thereafter accruing ceased.

[2] If the acts of the manager, committed without authority, were wrong, the company did not become liable, unless it afterwards ratified them. Roberts v. Stanton Co., 49 Wash. 23, 94 Pac. 647, 21 L. R. A. (N. S.) 303; 7 R. C. L. 468. In this case, there is no evidence that the board of directors ever passed upon these differences resulting in the quitting of the office by the plaintiff.

Having voluntarily vacated his office, his right to the salary thereafter accruing ceased. Roberts v. Stanton Co., supra.

The evidence showing without conflict that the plaintiff was paid his salary up to the time he quit, he could not recover in this action, and the court erred in rendering judgment in his favor, and in not rendering judgment for the defendant.

In line with the foregoing, the judgment is reversed, and a judgment will be here rendered for the defendant.

Reversed and rendered.

---

⚸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes